MUTUAL FILM CORPORATION v. CITY OF CHICAGO et al.

H. & H. FILM SERVICE CO. et al. v. SAME.

(Circuit Court of Appeals, Seventh Circuit. May 20, 1915.)

Nos. 2131, 2132.

CONSTITUTIONAL LAW ⬅90—THEATERS AND SHOWS ⬅2—REGULATION—CENSORSHIP OF MOVING PICTURES.

The Chicago ordinance, prohibiting the exhibition of any moving picture in any public place without having first submitted the same to the censorship of the police, does not violate Const. U. S. Amend. 1, or Const. Ill. art. 2, § 4, guaranteeing freedom of speech, of the press, and of publication, or Const. U. S. Amend. 14.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 172; Dec. Dig. ⬅90; Theaters and Shows, Cent. Dig. § 2; Dec. Dig. ⬅2.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the District Court of the United States for the Eastern Division of the Northern District of Illinois; William H. Seaman, Judge.

Separate suits by the Mutual Film Corporation and by the H. & H. Film Service Company and others against the City of Chicago and others. From decrees of the District Court denying preliminary injunctions, complainants appeal. Affirmed.

Walter N. Seligsberg, of New York City, and John H. S. Lee, of Chicago, Ill., for appellants.

George L. Reker, of Chicago, Ill., for appellees.

Before BAKER and KOHLSAAT, Circuit Judges, and LANDIS, District Judge.

KOHLSAAT, Circuit Judge. Appellants filed their respective bills in the District Court, asking the court to declare the ordinance of said city which prohibits the exhibition of any moving picture in any public place in the city of Chicago without having first submitted the same to the censorship of the police thereof, to be in contravention of amendments 1 and 14 to the federal Constitution and also of section 4, article 2, of the Constitution of the state of Illinois, and therefore null and void, and for other relief. The former clauses need not be recited here. The latter, so far as pertinent here, reads as follows:

"Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty."

On application made to the District Court for a preliminary injunction, based upon the bill and affidavits produced, the motion was denied. Whereupon these appeals were taken. Appellants respectively assign as error the said several orders of the District Court refusing to grant the injunction in limine. The records raise no question of jurisdiction.

Since the submission of these causes, and on February 23, 1915, the Supreme Court of the United States, in the cases of Mutual Film Corporation v. Industrial Commission of Ohio et al., 236 U. S. 230, 35 Sup. Ct. 387, 59 L. Ed. ——, Id., 236 U. S. 247, 35 Sup. Ct. 393, 59 L. Ed. ——, and Mutual Film Corporation of Missouri v. George H. Hodges, Governor of the State of Kansas, et al., 236 U. S. 248, 35 Sup. Ct. 393, 59 L. Ed. ——, has decided the questions herein presented, and has held that statutes and ordinances such as is herein assailed, involving the identical questions, are not amenable to the objections herein raised against them and constitute a valid exercise of the police power under constitutional inhibitions practically synonymous with those of Illinois.

The decree of the District Court is therefore affirmed.